2011 OK 63

**STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,**

v.

**Donald Reagan LEWIS, Respondent.**

**No. SCBD–5763.**

Supreme Court of Oklahoma.

June 28, 2011.

¶0 ORDER APPROVING RESIGNATION FROM OKLAHOMA BAR ASSOCI-

## ATION PENDING DISCIPLINARY PROCEEDINGS AND WAIVING COSTS.

¶ 1 Upon consideration of the complainant's, Oklahoma Bar Association (Bar Association), application for an order approving the resignation of the respondent, Donald Reagan Lewis (Lewis/respondent), pending disciplinary proceedings, the application reveals:

1) On June 13, 2011, the respondent submitted his written affidavit of resignation from membership in the Bar Association pending investigation of a disciplinary proceeding.

2) The respondent's affidavit of resignation reflects that: a) it was freely and voluntarily rendered; b) he was not subjected to coercion or duress; and c) he was fully aware of the consequences of submitting the resignation. The respondent states that although he is aware that the resignation is subject to the approval of the Oklahoma Supreme Court, he will surrender his Oklahoma Bar Association membership card within ten (10) days of having signed the request for resignation pending disciplinary proceedings.

3) The respondent states in his affidavit of resignation that he is aware of six charges of unprofessional conduct alleged by the Bar Association. The first count denotes a series of instances in which the respondent has acknowledged a conflict of interest in the representation of two clients. The second and third counts involve overdrafts to the respondent's trust account. The fourth and fifth counts concern the respondent's having taken moneys from clients for representation and his having failed to either do the work or to communicate with his clients. The sixth count presents a situation where the respondent: prepared a Release and Satisfaction of Continuing Garnishment; forged the judge's signature; and was able to obtain an official stamp from the District Court Clerk's Office. Thereafter, the document was presented to the town clerk so that a wage garnishment would be released. In each instance of misconduct, the respondent has failed to appropriately communicate with the Bar Association. The respondent acknowledges that the allegations, if proven, would constitute violations of Rules 1.1, 1.3, 1.4, 1.5, 1.7, 1.15, 3.2 and 8.4(a)(b)(c) and (d), Oklahoma Rules of Professional Conduct 5 O.S.2001, Ch. 1, App. 3–A and Rules 1.3 and 5.2, Oklahoma Rules Governing Disciplinary Proceedings, 5 O.S.2001, Ch. 1, App. 1–A.

4) The respondent waives any and all rights to contest the allegations.

5) An attorney, who is the subject of an investigation into, or a pending proceeding involving allegations of misconduct, may resign membership in the Oklahoma Bar Association by complying with the prerequisites for resignation set forth in Rule 8.1, Rules Governing Disciplinary Proceedings, 5 O.S.2001, Ch 1, App. 1–A. In response, the Supreme Court may enter an order approving the resignation or, in the alternative, may refuse to approve the resignation and allow the Professional Responsibility Commission to proceed.

6) The respondent's resignation pending disciplinary proceedings is in compliance with all of the requirements set forth in Rule 8.1, Oklahoma Rules Governing Disciplinary Proceedings, 5 O.S.2001, Ch. 1, App. 1–A, and it should be approved.

7) The official roster address of the respondent as shown by the Bar Association records is: Donald Reagan Lewis, OBA # 20518, 131 S. Lee St., P.O. Box 683, Fort Gibson, Oklahoma 74434.

8) The Bar Association has waived costs of the proceeding.

9) The respondent acknowledges that: a) his actions may result in claims against the Client Security Fund and agrees to reimburse the Fund for any disbursements made because of his actions prior to the filing of any application for reinstatement; and b) he has familiarized himself with Rule 9.1, Oklahoma Rules Governing Disciplinary Proceedings, 5 O.S.2001, Ch. 1, App. 1–A with which he agrees to comply within twenty (20) days following the date of his resignation.

¶ 2 IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the resignation of Donald Reagan Lewis pending disciplinary proceedings be approved. Costs of the proceeding are waived.

¶3 IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the name of Donald Reagan Lewis be stricken from the roll of attorneys. Because resignation pending disciplinary proceedings is tantamount to disbarment, the respondent may not make application for reinstatement prior to the expiration of five (5) years from the date of this order. Pursuant to Rule 9.1, Oklahoma Rules Governing Disciplinary Proceedings, 5 O.S.2001, Ch. 1, App. 1–A, the respondent shall notify all of his clients having legal business pending with them of the necessity for promptly retaining new counsel. Repayment to the Client Security Fund for any monies expended because of the malfeasance or nonfeasance of the respondent shall be a condition of reinstatement.

¶4 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 27th DAY OF JUNE, 2011.

TAYLOR, C.J., COLBERT, V.C.J., KAUGER, WATT, WINCHESTER, EDMONDSON, REIF, GURICH, JJ., concur.

COMBS, J., concurs in result.